******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MULLINS, J., with whom KAHN, J., joins, concurring in part and dissenting in part. I agree with the majority that General Statutes §§ 53a-60b (a) (1) and 1-1f (b) are not unconstitutionally vague as applied to the conduct of the defendant, Jodi D. I disagree with the majority that the issue of whether § 53a-60b (a) (1) is unconstitutionally overinclusive is properly before us. Unlike the majority, I conclude that it is not.

Specifically, I do not believe that the defendant has raised the distinct claim that § 53a-60b (a) (1) is unconstitutional under the overinclusiveness doctrine. In fact, overinclusiveness typically is part of the rational basis test applied to an equal protection challenge. See, e.g., *State* v. *Higgins*, 265 Conn. 35, 68–69, 826 A.2d 1126 (2003) (discussing, as part of equal protection claim analysis, whether defendant raised claim that statute is underinclusive or overinclusive). In the present case, the defendant challenged the statute only as void for vagueness as applied to her conduct. Thus, she had to demonstrate, under the facts of this case, either "(1) [that] the statute does not provide fair warning that it applies to the conduct at issue, or (2) that [s]he was the victim of arbitrary enforcement practices." (Internal quotation marks omitted.) *Rocque* v. *Farricielli*, 269 Conn. 187, 206, 848 A.2d 1206 (2004).

The question before us, then, is whether the defendant's conduct—assaulting a person with fibromyalgia and chronic pain—falls within the statute's core of prohibited conduct. The majority concludes, and I agree, that the defendant's conduct clearly does. In my view, it is not proper to then search for and posit other scenarios in which the statute might possibly be unconstitutional. Consequently, the majority's hypotheticals, including its Olympic boxer with migraines hypothetical, are inapposite in the context of the defendant's claim that the statute is unconstitutionally vague as applied to her conduct. See footnote 12 of the majority opinion and accompanying text. The defendant did not raise a separate claim under the overinclusiveness doctrine before the Appellate Court, in her petition for certification to appeal to this court, or in her brief to this court. Therefore, I disagree with the majority's reframing of the defendant's vagueness claim to include a distinctly separate overinclusiveness challenge.[1]

Accordingly, I would not address whether § 53a-60b (a) (1) is unconstitutionally overinclusive. Instead, I would conclude that § 53a-60b (a) (1) is not unconstitutionally vague as applied to the defendant's conduct. As a result, I would reach the second certified issue and agree with the Appellate Court that the evidence was sufficient to establish that the victim suffered from a physical disability within the meaning of § 53a-60b

(a) (1).[2] See *State* v. *Dojnia*, 190 Conn. App. 353, 378, 210 A.3d 586 (2019). Therefore, I would affirm the judgment of the Appellate Court.

In the present case, the defendant claims that the statute violates her due process rights because it is unconstitutionally vague as applied to her conduct. The majority engages in a thorough and well reasoned analysis of that claim and correctly concludes, with respect to notice, "that [§§ 53a-60b (a) (1) and 1-1f (b)] are sufficiently clear to give notice to a person of ordinary intelligence that the victim was physically disabled for purposes of § 53a-60b (a) (1) . . . ."

As to arbitrary enforcement, the majority also rejects the defendant's claim that § 53a-60b (a) (1) is unconstitutional because it confers unfettered discretion on police officers and prosecutors to determine what conduct falls within its scope. Indeed, the majority concludes that "a statute that is sufficiently clear to give a person of common intelligence notice of what is prohibited necessarily is sufficiently clear to cabin the discretion of police officers and prosecutors within constitutional limits."

Notwithstanding these conclusions, the majority culls from different portions of the defendant's brief a claim under the overinclusiveness doctrine. For instance, the majority relies on the defendant's argument that "the statute fails to provide a sufficient nexus between fibromyalgia and/or other chronic pain issues and protecting people with those conditions from opportunistic criminals seeking to attack people [who are] less likely to be able to ward off such attacks." The majority also uses the defendant's reliance on the legislative history of § 53a-60b (a) (1) and her argument that the statute improperly incorporated "wholesale the intentionally broad, remedial definition of 'physically disabled' in the criminal context" to support its conclusion that the defendant raised a separate claim under the overinclusiveness doctrine.

These arguments do not reveal a separate overinclusiveness claim. Rather, these are the defendant's arguments in support of her vagueness as applied claim. The defendant's able counsel described it as a vagueness challenge. Specifically, the defendant asserted that the lack of clarity as to what constituted physical disability under § 53a-60b (a) (1) leads to (1) lack of notice, and (2) arbitrary enforcement. The majority's conclusion that the statute was clear and that there was no arbitrary enforcement fully addresses and resolves the claim raised by the defendant and should end the analysis.

Instead, the majority reframes the defendant's arguments into a separate overinclusiveness claim. The majority explains that, "although the defendant frames this claim as implicating the vagueness doctrine, it more properly is characterized as a claim that § 53a-60b (a)

(1) is unconstitutionally overinclusive. . . . In other words, the defendant effectively contends that the statute violates substantive due process principles because many of its clear applications are not rationally related to a legitimate government purpose." (Citations omitted; emphasis omitted.) I disagree with the majority's decision to reframe the arguments that the defendant made within her vagueness challenge and to treat them as a properly raised claim under the overinclusiveness doctrine.

The majority states that the defendant merely failed to "label her argument using the correct technical rubric . . . ." Footnote 6 of the majority opinion. This is just simply not the case. The defendant raised and briefed only a vagueness as applied challenge. Indeed, this court has previously explained that "[t]he void for vagueness doctrine is a procedural due process concept that originally was derived from the guarantees of due process contained in the fifth and fourteenth amendments to the United States constitution." *Packer* v. *Board of Education*, 246 Conn. 89, 98, 717 A.2d 117 (1998). Thus, the overinclusiveness doctrine is part of a separate legal claim that was not raised by the defendant.

This court has consistently concluded that it "will not review a claim unless it was distinctly raised at trial. . . . We may, however, review legal arguments that differ from those raised before the trial court if they are subsumed within or intertwined with arguments related to the legal claim raised at trial." (Citations omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 203, 982 A.2d 620 (2009). The majority's reframing of the defendant's arguments into a separate overinclusiveness claim under different constitutional protections breaches this well established principle.

I can find no reference to overinclusiveness in the defendant's brief to the Appellate Court or this court, and the Appellate Court did not address the claim of overinclusiveness whatsoever. The majority points to language in the defendant's Appellate Court brief that was used in the context of her claim that § 53a-60b (a) (1) is unconstitutionally vague. In particular, the defendant argued "that ordinary people cannot understand what specifically constitutes 'physically disabled' . . . ." This is a claim directly tied to the notice prong of the vagueness challenge, not an overinclusiveness challenge. The majority also relies on the defendant's claim that, although "the legislature intended to enhance penalties [only] for crimes against the most vulnerable, including those with clearly diagnosable and severe disabilities," §§ 53a-60b (a) (1) and 1-1f (b) "arguably . . . could apply to nearly all victims." This is an argument directed at a claim of arbitrary enforcement. I disagree that either of these arguments in the defendant's Appellate Court brief constitutes a separate claim under the overinclusiveness doctrine.

Indeed, in her brief to this court, the defendant did not cite to any cases that involved claims under the overinclusiveness doctrine. Instead, she relied on *Packer* v. *Board of Education*, supra, 246 Conn. 109–10, in support of her argument that the application of § 53a-60b (a) (1) to fibromyalgia did not have a sufficient nexus to the legislative purpose of the statute. *Packer* did not involve a claim of overinclusiveness. Instead, *Packer* involved, among other things, a vagueness as applied challenge. See id., 106–113. In *Packer*, this court considered whether there was a nexus between the legislative purpose behind a statute and the conduct prosecuted under the statute for purposes of determining whether there was adequate notice under a vagueness as applied analysis. See id., 109–10 ("[w]e further conclude . . . that a person of ordinary intelligence, apprised only of the language of [General Statutes (Rev. to 1997)] § 10-233d (a) (1) and our prior interpretation . . . of similar language, could not be reasonably certain whether possession of marijuana in the trunk of a car, off the school grounds [and] after school hours, is, by itself and without some tangible nexus to school operation, seriously disruptive of the educational process as required by [that statute] in order to subject a student to expulsion" (emphasis omitted; internal quotation marks omitted)). The defendant's reliance on *Packer* further confirms that she raised only a vagueness challenge here.

Of course, we did not certify any overinclusiveness claim. The majority recognizes this as an issue. However, notwithstanding that substantial stumbling block, the majority explains that "[w]e recognize that this issue may be outside the scope of the certified questions because overinclusiveness and vagueness are distinct concepts. Nevertheless, we address the issue because the defendant raised it before the Appellate Court and it is closely intertwined with the certified questions." Footnote 1 of the majority opinion. I disagree.

To be clear, the only questions we certified were limited to the following: (1) "Did the Appellate Court correctly conclude that . . . §§ 1-1f (b) and 53a-60b (a) (1) were not unconstitutionally vague as applied to the defendant?" And (2) "[d]id the Appellate Court correctly conclude that the evidence the state presented at trial was sufficient to prove beyond a reasonable doubt that the victim was 'physically disabled' under the governing statutes?" *State* v. *Dojnia*, 333 Conn. 914, 215 A.3d 1211 (2019). As I previously mentioned, I do not believe that overinclusiveness was raised before the Appellate Court, but, even if the defendant had raised it before the Appellate Court, that court did not address it, and we did not certify such a claim.

Furthermore, I disagree with the majority that the question of whether § 53a-60b (a) (1) is unconstitutionally overinclusive is closely intertwined with the certi-

fied questions in the present appeal such that the issue is properly before us. The question of whether a statute is overinclusive is not part of the analysis used to determine whether a statute is unconstitutionally vague as applied to a particular defendant's conduct in a particular case. Instead, the question of whether a statute is overinclusive is typically part of the analysis used when applying the rational basis test to an equal protection claim. See, e.g., *Vance* v. *Bradley*, 440 U.S. 93, 108–109, 99 S. Ct. 939, 59 L. Ed. 2d 171 (1979) (considering whether statute violates equal protection clause because it is underinclusive or overinclusive); *Big Tyme Investments*, *LLC* v. *Edwards*, 985 F.3d 456, 470 (5th Cir. 2021) (concluding that "[i]mperfect classifications that are underinclusive or overinclusive pass constitutional muster" under equal protection clause).

Indeed, most of the cases cited by the majority considered whether a statute is overinclusive as part of an equal protection claim analysis. See, e.g., *State* v. *Higgin*s, supra, 265 Conn. 69; see also, e.g., *United States* v. *Thornton*, 901 F.2d 738, 739–40 (9th Cir. 1990) (addressing defendants' claim that statute violated equal protection clause because it was both overinclusive and underinclusive). In one of the cases relied on by the majority, *People* v. *Rodriguez*, 66 Cal. App. 4th 157, 77 Cal. Rptr. 2d 676 (1998), the court explicitly detailed that "[the] [d]efendant's reliance [on a claim of overinclusiveness] appears misplaced, inasmuch as Justice Kline's comments [in a prior decision] about overinclusiveness and underinclusiveness appear directed more toward questions of equal protection than substantive due process." Id., 179, citing *People* v. *Bostick*, 46 Cal. App. 4th 287, 292, 53 Cal. Rptr. 2d 760 (1996) (Kline, P. J., concurring). In the present case, the defendant does not assert any claim under the equal protection clause.

To be sure, "[t]he general rule is that the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the particular facts at issue. . . . To do otherwise, [in the absence of] the appearance that the statute in question intrudes [on] fundamental guarantees, particularly first amendment freedoms, would be to put courts in the undesirable position of considering every conceivable situation which might possibly arise in the application of [the statute]. . . . Thus, outside the context of the first amendment, in order to challenge successfully the facial validity of a statute, a party is required to demonstrate as a threshold matter that the statute may not be applied constitutionally to the facts of [the] case." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Packer* v. *Board of Education*, supra, 246 Conn. 105–106.

In the present case, the defendant's claim does not implicate her first amendment rights, and, therefore, in

order to be successful in her challenge to the validity of § 53a-60b (a) (1), she must demonstrate that the statute may not be applied constitutionally to the facts of this case. Here, she is accused of assault on a person with fibromyalgia and chronic pain. The statute is not vague as applied to that conduct. There is no need to look beyond her conduct to the hypotheticals posed by the majority. Because I agree with the majority that the defendant has not established that the statute is unconstitutional as applied to the facts of the present case, I would not attempt to "[consider] every conceivable situation which might possibly arise in the application of [the statute]." (Internal quotation marks omitted.) Id., 106.

In addition, even if I were to agree with the majority that the defendant raised a separate claim that § 53a-60b (a) (1) is unconstitutionally overinclusive as part of a substantive due process claim, I would disagree with the majority's analysis of that claim. Although the majority cites to a few cases in which courts have considered a claim of overinclusiveness as part of a substantive due process claim, I find these cases unpersuasive. As one of those cases pointed out, "a statute is not fatally infirm merely because it may be somewhat underinclusive or overinclusive." (Internal quotation marks omitted.) *People* v. *Avila-Briones*, 49 N.E.3d 428, 450 (Ill. App. 2015), appeal denied, 48 N.E.3d 1093 (Ill. 2016). Those cases support the conclusion that, even if the statute is overinclusive—that is, it may impose a burden on one who harms someone with a latent physical disability—it still has a rational relationship to protecting those with physical disabilities. Therefore, when a statute serves a legitimate government purpose— here, protecting those with physical disabilities—any fine-tuning of the statutory scheme to narrow its reach is a task for the legislature.

Moreover, because we are not dealing with a fundamental right, the rational basis test would apply in the present case. Id., 447 ("[i]f the statute does not impact a fundamental right, then we apply the [rational basis] test to the statute"). "[W]hen conducting rational basis review we will not overturn such [government action] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." (Internal quotation marks omitted.) *Kimel* v. *Florida Board of Regents*, 528 U.S. 62, 84, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000). "On rational basis review, those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it. . . . Ordinarily, that burden is insurmountable. [C]ourts are compelled under [a rational basis] review to accept a legislature's generalizations even when there is an imperfect fit between means and ends. A classification does not fail rational basis review

because it is not made with mathematical nicety or because in practice it results in some inequality. . . . Thus, the fact that a statute is overinclusive or [underinclusive], standing alone, does not render the statute constitutionally invalid." (Citations omitted; internal quotation marks omitted.) *State Troopers Non-Commissioned Officers Assn. of New Jersey* v. *New Jersey*, 643 F. Supp. 2d 615, 624 (D.N.J. 2009), aff'd, 399 Fed. Appx. 752 (3d Cir. 2010).

Despite these aforementioned principles, the majority does little more than point to hypotheticals in which § 53a-60b (a) (1) could be considered overinclusive. It posits a hypothetical about an Olympic boxer with migraines and concludes that the statute is unconstitutionally overinclusive because "such an application of the statute would have no reasonable and substantial relation to the statute's purpose of protecting those who have a diminished capacity to defend themselves or who are particularly vulnerable to injury." This is not how we assess the constitutionality of a statute under rational basis review. Rather, it is well established that, "if a statute can be upheld under any plausible justification offered by the state, or even hypothesized by the court, it survives [rational basis] scrutiny." *American Express Travel Related Services Co.* v. *Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011).

Thus, on the basis of the record before us, I cannot conclude that the legislature acted irrationally in providing for a heightened punishment of an individual who assaults someone with a physical disability. Even if § 53a-60b (a) (1) lacks mathematical nicety in its application, the statute still has a rational relationship to a legitimate government purpose—namely, protecting people with physical disabilities that diminish their ability to function. Because there are plausible justifications for upholding the constitutionality of this statute—we need look no further than the case at hand, in which a person with fibromyalgia and chronic pain is assaulted—there is a rational relationship to the legislative purpose of protecting physically disabled people. The majority's view turns rational basis review on its head because, instead of negating every conceivable basis that might support the statute, the majority looks to find conceivable examples of how the statute may be overinclusive. Examples of overinclusiveness, however, do not render statutes unconstitutional.

Accordingly, in the absence of the defendant's raising and analyzing a distinct legal claim of overinclusiveness, I would not read a separate equal protection or substantive due process overinclusiveness claim into the defendant's vagueness challenge. Rather, I conclude that the majority's analysis of overinclusiveness is misplaced. Moreover, even if I were to agree with the majority that the defendant raised a claim under the overinclusiveness doctrine, I disagree that the statute fails rational

basis review.

I am mindful that "legislative enactments carry with them a strong presumption of constitutionality, and that a party challenging the constitutionality of a validly enacted statute bears the heavy burden of proving the statute unconstitutional beyond a reasonable doubt . . . ." (Citations omitted; internal quotation marks omitted.) *Packer* v. *Board of Education*, supra, 246 Conn. 101–102. I cannot conclude that the defendant has met her heavy burden in the present case.

Accordingly, I would affirm the judgment of the Appellate Court.

For the reasons I previously explained, I respectfully dissent in part.

[1] The majority points out that I cite to "no authority for the proposition that a claim that has been distinctly raised is unreviewable because the party making the claim did not attach the correct doctrinal label . . . ." Footnote 6 of the majority opinion. That is true but also irrelevant. Because I do not believe that the defendant raised a separate overinclusiveness claim in the first instance, either before the Appellate Court or in the petition for certification, I see no reason to supply support for a proposition I am not making.

[2] Because I conclude that the defendant's sufficiency claim was resolved properly in the Appellate Court's well reasoned opinion, and that opinion fully addresses that claim; see *State* v. *Dojnia*, 190 Conn. App. 353, 371–78, 210 A.3d 586 (2019); it would serve no useful purpose for me to repeat the discussion contained therein.